# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

ANNEMIEKE E. ROELL,

    Plaintiff,

vs.

CAROLYN W. COLVIN,
Acting Commissioner, Social Security
Administration,

    Defendant.

Case No. 13-CV-423-CVE-FHM

## REPORT AND RECOMMENDATION

Plaintiff, Annemieke E. Roell, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] The matter has been referred to the undersigned United States Magistrate Judge for report and recommendation.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less

---

[1] Plaintiff's application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Charles Headrick was held February 29, 2012. By decision dated April 10, 2012, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on May 24, 2013. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.
    The record contains an application for Supplemental Security Income, [R. 124], which was apparently processed as an application for widow's benefits and was also denied. [R. 56]. It does not appear that Plaintiff sought a hearing on that application, as the ALJ did not address it and Plaintiff makes no arguments about it. Therefore only the Title II (DIB) decision is under review on this appeal.

than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.*, 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 51 years old on the date of alleged onset of disability and 54 on the date of the ALJ's denial decision. She was 52 on the date last insured for benefits, December 31, 2009. She has a college education and training as a real estate appraiser and formerly worked as a server, restaurant manager, office manager, and real estate appraiser. She claims to have been unable to work since March 1, 2009, as a result of history of breast and vulvar cancers, depression, and diabetes mellitus.

## The ALJ's Decision

The ALJ determined that during the relevant time frame, March 1, 2009 to December 31, 2009, Plaintiff had the residual functional capacity (RFC) to perform light work as defined in the regulations, 20 C.F.R. § 404.1567(b) with the restriction that she could understand, remember, and carry out simple and some complex tasks with routine and only minimal supervision, and working independently most of the time, and she had adequate social skills to relate to others on a superficial work basis. [R. 17]. Although Plaintiff was

unable to perform her past relevant work, based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

### **Plaintiff's Allegations**

Plaintiff asserts that the ALJ erred in failing to include all of her impairments in the hypothetical questioning of the vocational expert and in the RFC assessment, and the ALJ failed to perform an appropriate credibility determination. Plaintiff also asks the court to consider that Plaintiff filed a subsequent application for widow's benefits and was found disabled as of June 1, 2012.

### **Analysis**

#### RFC Assessment

Plaintiff argues that the decision should be reversed because "[t]he ALJ does not explain how the evidence supports a finding that Claimant has the physical capacity to perform light work." [Dkt. 14, p. 3]. Plaintiff notes that the record does not contain any physical RFC opinions and she essentially concludes that in the absence of any RFC opinions in the record, the RFC decision cannot be supported by substantial evidence.

The Tenth Circuit has rejected the idea that RFC findings lack substantial evidentiary support unless they line up with an expert medical opinion. There is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question. "[T]he ALJ, not a physician, is charged with

3

determining a claimant's RFC from the medical record." *Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir.2004) (following 20 C.F.R. § 416.927(e)(2) and SSR 96–59, 1996 WL 374183, at *5); see also 20 C.F.R. §§ 404.1546(c) and 416.946(c). The Tenth Circuit has "rejected [the] argument that there must be specific, affirmative, medical evidence on the record as to each requirement of an exertional work level before an ALJ can determine RFC within that category." *Howard*, 379 F.3d at 949; see also, *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012)(there is no requirement for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question); *Wall v. Astrue*, 561 F.3d 1048, 1068–69 (10th Cir. 2009)(upholding ALJ's findings on mental impairment where record did not contain any treating or examining medical opinions as to allegedly disabling pain disorder); Bernal v. Bowen, 851 F.2d 297, 302–03 (10th Cir.1988) (holding ALJ properly made mental RFC findings without expert medical assistance). The Tenth Circuit has also rejected notion that the ALJ has the burden to produce evidence of functional limitations. The burden rests with the claimant. *Howard*, 379 F.3d at 948.

In this case, the relevant time frame is the date of alleged onset of disability, March 1, 2009, to the date last insured, December 31, 2009. The ALJ accurately outlined the medical evidence over the period from January 2009 to April 2011, [R. 18-19], including Plaintiff's treatment for diabetes and non-compliance with medication which lead to increased fatigue and exhaustion. *Id*. The ALJ noted that in April 2011,[2] Plaintiff complained of leg problems, but was ambulatory without problems and was back to daily activities without problems. [R. 19, 655].

---

[2] This date is well <u>after</u> the date last insured and after the surgical resection of vulva carcinoma, which the records indicate involved the leg muscles. [R. 590, 594].

4

Aside from her own statements about her abilities, Plaintiff asserts that the record shows she has had arthritic changes in her spine since 2007. The record Plaintiff cites, [R. 300], is a bone scan dated February 2007 which was taken in conjunction with her treatment for breast cancer. According to the report, some changes were seen at L5-S1 and in Plaintiff's knees. These were attributed as being "probably secondary to arthritis." *Id.* However, the bone scan is not correlated with any record of complaints of, or treatment for, an arthritic condition. Further, Plaintiff does not point to any complaints of or treatment for knee or back pain in the record. Under these circumstances, the undersigned finds no error in the ALJ's failure to mention the bone scan or failure to specifically attribute any work-related limitation to the findings in the report.

The other records Plaintiff cites in her brief do not suggest the existence of any problem walking during the relevant time frame. One of the records Plaintiff cited, [R. 210], is a medication list Plaintiff completed. That record does not contain any clinical findings or functional limitations. The other record, [R. 611-613], is a progress note from Cancer Care Associates dated November 24, 2008. There it is noted that Plaintiff "continues to complain of arthralgias in her hands and feet with no change." [R. 611]. The impression listed was "arthralgias related to [the medication] Arimidex. [R. 612]. While it is true that the ALJ did not mention this record, the undersigned finds no error. On the previous appointment, August 5, 2008, it was recorded that Plaintiff "has some arthralgias in her hands and in her feet, but it is not limiting to her." [R. 613]. There is no mention of hand and foot problems at the next appointment on March 30, 2009, [R. 610], or in subsequent records, [R. 588, 590, 592, 594, 596, 598]. In September 2011 it was mentioned that Plaintiff has "some arthritis and she has not been exercising because of the arthritis." [R.

600]. However this entry is well after the relevant time frame. The undersigned finds that none of these records demonstrate ongoing functional difficulties that would deprive the ALJ's RFC finding of support by substantial evidence.

In her reply brief, Plaintiff argues that similar observations made by the Commissioner, that the record does not support an inability to perform light work during the relevant time frame, constitute impermissible *post hoc* justification for the ALJ's decision. Review of the record to determine whether it supports Plaintiff's allegations and discussion of the record is not *post hoc* justification of the ALJ's decision, but is an analysis of the question Plaintiff presented on appeal.

Plaintiff argues that the RFC finding that she has the ability to "understand, remember and carry out simple and some, but not all, more complex tasks with routine and typically only minimal supervision but at most times independently," [R. 17], does not permit competitive work. [Dkt. 14, p. 3-4]. According to Plaintiff, this RFC calls for additional attention and extra supervision that would eliminate competitive work. This argument is without merit. The RFC plainly does not require additional attention and extra supervision.

The undersigned finds that the ALJ's RFC finding is supported by substantial evidence.

### Credibility Analysis

Plaintiff argues that the ALJ failed to perform a proper credibility determination. "Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence. However, findings as to credibility should be closely and affirmatively linked to substantial evidence

and not just a conclusion in the guise of findings." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir.2005) (citation, brackets, and internal quotation marks omitted).

Plaintiff claimed she was disabled beginning March 1, 2009, and her insured status ended December 31, 2009. Plaintiff was therefore required to show she met the requirements for disability on or before December 31, 2009. The ALJ noted Plaintiff's testimony that her problems with dizziness and stumbling began after the June 9, 2010 surgery. [R. 18]. The ALJ outlined Plaitniff's medical treatment throughout the year 2009, which was mostly for diabetes. [R. 18]. The ALJ noted that in January Plaintiff's diabetes was stable, she reported feeling better. [R. 334]. In September 2009, Plaitniff was having no problems with her medications, but was forgetting to take them occasionally. [R. 329]. On December 29, 2009, Plaintiff was reported to be very non-compliant, not taking her medications or checking her blood sugars, which was noted as having lead to an increase in fatigue and exhaustion. [R. 327]. It was also noted that Plaintiff was depressed, having lost her spouse two months earlier. *Id.* The ALJ stated the findings in those records do not support the credibility of the alleged impairments. [R. 18].

The undersigned finds that the ALJ's credibility determination is supported by substantial evidence. The ALJ could have elaborated and specifically pointed out that Plaitniff did not complain of functional limitations throughout the whole of the relevant time frame, March 2009 to December 2009. However, the court's job on appeal is not to adjudge the ALJ's decision writing skills, or to insist on technical perfection in the decision. *See Moua v. Colvin,* 541 Fed. Appx. 794, 798 (10th Cir. 2013)(no principle of administrative law or common sense requires that a case be remanded in quest for a perfect opinion, unless there is reason to believe that the remand might lead to a different result). The

undersigned finds that the ALJ's comments about the credibility of Plaintiff's allegations are thorough enough to determine the basis of his credibility decision and to demonstrate that it is supported by substantial evidence.

## Effect of Subsequent Grant of Benefits

On a subsequent application for widow's benefits Plaintiff was found disabled as of June 1, 2012. [Dkt. 15-1, p. 2]. Plaintiff urges the court to consider the subsequent award of benefits as evidence in this case. She states that the Commissioner relied on the same conditions asserted in the present case and argues that if the records from both cases were considered together, an earlier onset date *might* have been found and that date *might* have reached back to her date last insured. Plaintiff cites no authority for the court to remand the case under these circumstances.

There are cases which have been remanded for further consideration when benefits have been granted on a subsequent application while the appeal was pending and disability benefits begin the day after the denial decision under review. In such cases an award based on an onset date so close to the period when benefits were denied may make a remand appropriate to undergo further administrative scrutiny to determine whether the subsequent records shed light on the period for which benefits were denied. *See Luna v. Astrue*, 623 F.3d 1032, 1034-35 (9th Cir. 2010)(citing cases). This case is not even close to the same circumstance.

In this case there was little evidence of any functional limitations during the relevant time period. The date last insured was December 2009, and the evidence in the record before the ALJ extended into 2012. The Notice for the subsequent grant of benefits reflects that Plaintiff's subsequent application alleged onset of disability on March 30, 2012. [Dkt.

8

15-1, p. 2]. The Notice states the medical records for that application showed that Plaintiff was disabled by December 1, 2012, but it was reasonable to assume Plaintiff became disabled some months earlier, so June 1, 2012 was established as the date disability began. *Id.* Since the records did not establish disability as of March 30, 2012, it strains reason to think that those records would have any possibility of establishing disability back to 2009. The undersigned finds, therefore, that the subsequent favorable decision presents no reason to remand the case.

## **Conclusion**

The undersigned United States Magistrate Judge finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts and further that there is substantial evidence in the record to support the ALJ's decision. Accordingly, the undersigned United States Magistrate Judge RECOMMENDS that the decision of the Commissioner finding Plaintiff not disabled be AFFIRMED.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before August 11, 2014.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 28th day of July, 2014.

*/s/ Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE